*et al.* (47 CCPA 137, C.A.D. 746), except that the involved articles are in chief value of a type of plastic, not specially enumerated in the tariff act, which most resembles in use the metal railroad accessories in said C.A.D. 746, the claim of the plaintiff was sustained.

BEFORE THE FIRST DIVISION, DECEMBER 1, 1965

**No. 69646.**—T. Cohn, Inc., and Inter-Maritime Fwdg. & Co. et al. *v.* United States, protests 60/5919, etc. (New York).

Opinion by OLIVER, J. In accordance with stipulation of counsel that the merchandise consists of miniature motors similar in all material respects to those the subject of Abstract 66961, the claim of the plaintiffs was sustained.

**No. 69647.**—Polk's Model Craft Hobbies, Inc. *v.* United States, protest 63/20493(D) (New York).

Opinion by OLIVER, J. In accordance with stipulation of counsel that the merchandise consists of miniature motors similar in all material respects to those the subject of Abstract 66961, the claim of the plaintiff was sustained.

**No. 69648.**—Ace Import Co., Inc. *v.* United States, protests 64/15896 and 64/19878 (New York).

Opinion by OLIVER, J. In accordance with stipulation of counsel that the merchandise consists of glass paperweights similar in all material respects to those the subject of Abstract 64185, the claim of the plaintiff was sustained.

**No. 69649.**—Novelty Import Co., Inc. *v.* United States, protest 65/7290 (New York).

Opinion by OLIVER, J. In accordance with stipulation of counsel that the merchandise consists of plastic paperweights similar in all material respects to those the subject of Abstract 67488, the claim of the plaintiff was sustained.

No. 69650.—Novelty Import Co., Inc. *v.* United States, protest 65/8124 (New York).

Opinion by OLIVER, J. In accordance with stipulation of counsel that the merchandise consists of plastic paperweights similar in all material respects to those the subject of Abstract 67488, the claim of the plaintiff was sustained.

BEFORE THE SECOND DIVISION, DECEMBER 1, 1965

No. 69651.—Davies, Turner & Company *v.* United States, protests 318445–K and 58/7738 (Philadelphia).

FORD, Judge: This case is before the court by reason of an order granting defendant's motion for a rehearing. *Davies, Turner & Company* v. *United States,* 50 Cust. Ct. 169, Abstract 67315.

The articles in question are described on the invoices as "CP Brass Duo Insert with Rubber Stopper" and "KACHALL STRAINERS." Said sink strainers were classified by the collector of customs as articles or wares, not specially provided for, wholly or partly manufactured, composed in chief value of base metal, in paragraph 397 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108. They were assessed with duty at the rate of 21 per centum ad valorem.

Plaintiff claims that the merchandise in question is properly classifiable as household utensils, not specially provided for, in chief value of brass, within paragraph 339 of the Tariff Act of 1930, as modified by the sixth protocol, *supra,* and dutiable at the rate of 14 per centum ad valorem.

The relevant statutory provisions are as follows:

Paragraph 397 of the Tariff Act of 1930, as modified by the sixth protocol, *supra:*

Articles or wares not specially provided for, whether partly or wholly manufactured:

   *         *         *         *         *         *         *

    Composed wholly or in chief value of iron, steel, copper, brass, nickel, pewter, zinc, aluminum, or other base metal (except lead), but not plated with platinum, gold, or silver, or colored with gold lacquer:

   *         *         *         *         *         *         *